UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cr-00116-MOC-DLH

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| SETH WILLIS PICKERING, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the government's Submission Re: Restitution (#69) and the defendant's Response to Government's Evidence on Restitution and Renewed Objections (#70). The issues now being fully briefed, the Court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.  Background**

The government seeks an Order of restitution in the amount of $5,000, payable to the North Carolina Crime Victim Compensation Commission ("Crime Victim's Fund") for funeral expenses it allegedly reimbursed to victim's mother, and $2,771, payable to the victim's aunt for lost wages and travel expenses incurred in providing emotional support to the victim's mother and other family members.

The defendant contends that the restitution Order should be limited to $1,295, which is the total, documented amount of funeral expenses paid by the victim's mother. While defendant concedes that the victim's grandfather paid an additional $3,000 of funeral expenses, he contends that there is no record of that amount being included in the disbursement from the Crime Victim's

1

fund to the victim's mother, citing United States v. Steele, 897 F.3d 606, 609 (4th Cir. 2018) (holding that unsupported loss estimates are not compensable under the MVRA). Defendant contends that any overpayment by the Crime Victim's Fund cannot be reduced to an Order of restitution. Further, defendant contends that it would be beyond the bounds of the MVRA to enter an Order of restitution that includes the costs of commemorative, funerary jewelry ordered by the victim's mother and distributed to family members.

As to reimbursement of the victim's aunt for lost wages and travel, defendant contends that the MVRA specifically limits such reimbursements to losses that occurred only "during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. §3663A(b)(4). Further, defendant cites to a recent Supreme Court decision which requires courts to read that provision narrowly. Lagos v. United States, ___ U.S. ___, ___, 138 S. Ct. 1684, 1689 (2018).

In support of its position, the government argues that it "recognizes two separate restitution requests and presents the following for the [C]ourt's determination." Submission (#69) at 1.

## II. Discussion

### A. Applicable Standard

The Mandatory Victim Restitution Act ("MVRA") was enacted in 1996, 18 U.S.C. § 3663A, amended in 2000, Pub.L. 106-310, and amended for a second time in 2012. Pub.L. 112-186. Prior to the MVRA, restitution for federal crimes was governed by the Victim and Witness Protection Act (VWPA), 18 U.S.C. § 3663. Under the VWPA, a sentencing court had the discretionary power to impose restitution on individuals convicted of certain crimes. Id. at § 3663(a)(1). Courts were then required to consider not only the amount of loss suffered by the victims, but also the "financial resources of the defendant, [and] the financial needs and earning

ability of the defendant and the defendant's dependents." Id. § 3663(a)(1)(B)(i); United States v. Leftwich, 628 F.3d 665, 668 (4th Cir. 2010).

Under MVRA, the law applicable now, this court must "order restitution to each victim in the full amount of each victim's losses ... and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A); United States v. Alalade, 204 F.3d 536, 538–39 (4th Cir. 2000). In a case such as this involving the death of a victim, a court may require the defendant to "pay an amount equal to the cost of necessary funeral and related services." 18 U.S.C. §§ 3663(b)(3) and 3663A(b)(3). The MVRA further provides for restitution to be paid to victims or victim compensators in place of the victim. 18 U.S.C.A. § 3664(j). Specifically, 18 U.S.C.A. § 3664(j)(1), provides that "[i]f the victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation...."

### B. Burden of Proof

The government "bears the burden of proving a victim's loss by a preponderance of the evidence." United States v. Wilkinson, 590 F.3d 259, 268 (4th Cir. 2010) (citing 18 U.S.C. § 3664(e)).  While only a preponderance standard, the task of determining "a victim's loss" can be a daunting one, especially where those monetary loses are initially reimbursed by a network family, friends, and advocacy groups.

### C. Determining the Victim's Loss

Here, the court's interest is in crafting an Order of restitution that *accurately* reflects the victim's monetary loss that is attributable to this defendant. Once the government has met its burden, a court must order full restitution. Leftwich, 628 F.3d at 668 ("[T]he district court is

3

precluded from ordering restitution in any amount less than the full amount of the victim's loss." (citation omitted)).

The burden of proving the amount of a victim's loss is considered "in a practical, common-sense way." United States v. Savoie, 985 F.2d 612, 617 (1st Cir. 1993). Unsupported loss estimates are not, as mentioned above, compensable under the MVRA. Steele, 897 F.3d at 609. "Hearsay testimony may also be considered as long as it bears "sufficient indicia of reliability," United States v. Newman, 144 F.3d 531, 542 (7th Cir. 1998) (internal quotation marks omitted), and the defendant "is given an opportunity to refute the evidence." United States v. Hairston, 888 F.2d 1349, 1353 (11th Cir.1989). The evidence must provide a factual basis for the restitution amount, United States v. Mullins, 971 F.2d 1138, 1147 (4th Cir. 1992), and such determination may not rely on "hypothesis, conjecture, or speculation alone." United States v. Ameri, 412 F.3d 893, 900 (8th Cir. 2005) (internal quotation marks omitted).

### 1. The Crime Victim's Fund

The first problem the Court is left to resolve is the proposed $5,000 reimbursement of the Crime Victim's Fund. While the government has provided conclusive evidence that the Crime Victim's Fund paid the victim's mother that amount, the only evidence before the Court is that the victim's mother incurred expenses of $1,295 and that the Crime Victim's Fund reimbursed that amount to the victim's mother. The Court will direct that this amount be paid to the Crime Victim's Fund through restitution as a victim compensator. 18 U.S.C.A. § 3664(j)(1).

This leaves $3,705 of the state reimbursement unaccounted for at present. Certainly, it is undisputed that the victim's grandfather paid $3,000 toward the funeral expenses as that expense has been documented with a credit card receipt. However, it appears that the grandfather has not made a claim for restitution and that the Crime Victim's Fund did not directly reimburse the

grandfather. If the victim's mother used the funds provided by the Crime Victim's Fund to reimburse the grandfather -- and the government can provide a declaration or affidavit to that effect -- the Court is prepared to consider that evidence and revisit the issue.

Absent some competent evidence, the Court cannot reimburse the Crime Victim's Fund as such would be based on speculation. At this point, there is no evidence to support an Order of restitution payable to the Crime Victim's Fund of more than $1,295. Clearly, this is an amount less than the full amount of necessary funeral and related services for the victim, which are compensable under 18 U.S.C. § 3663A(b)(2)(B). However, the government has not provided the Court with either a claim from the grandfather, who appears to have paid the remainder, or evidence from a compensator, either the Crime Victim's Fund directly or the victim's mother indirectly, that shows it or she reimbursed the grandfather.

The Court will, however, reserve the right to revisit this issue if the government can provide any documentation, including declarations or affidavits, indicating that the funds paid out by the Crime Victim's Fund were eventually paid by the victim's mother to the grandfather who advanced funeral costs on behalf of the victim.

### 2. The Costs Incurred by the Victim's Aunt

The Court next considers the request for an Order of restitution in favor of the victim's aunt in the amount of $2,771. The amount sought is for the aunt's lost wages and travel expenses incurred in providing emotional support to the victim's mother and other family members immediately following the victim's death.

The law as argued by defendant appears to be undisputed by the government or the Court's own research, to wit, that restitution for "lost income and necessary child care, transportation, and other expenses" is limited to losses that occurred only "during participation in the investigation or

prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4). As defendant argued, that provision must be read narrowly. <u>Lagos</u>, 138 S. Ct. at 1689. Here, providing support to the victim's mother and other family members leading up to and during the funeral -- while critically important and valued in our society -- are not among the events monetarily compensable under § 3663A(b)(4).

**ORDER**

**IT IS, THEREFORE, ORDERED** that having determined the amount of restitution owed, defendant shall make restitution, pursuant to 18 U.S.C. § 3663A, as directed to the Clerk of Court, to be paid to the North Carolina Crime Victim Compensation Commission, in the amount of $1,295. The victims' recovery is limited to the amount of its loss and the defendant's liability for restitution ceases if and when the victim receives full restitution.

**IT IS FUTHER ORDERED** that entry of an **AMENDED JUDGMENT** is **STAYED** for a period of 14 days to allow the government to submit any additional evidence from the North Carolina Crime Victim Compensation Commission, or from the victim's mother in the form of a declaration or affidavit, that could support a greater award. If such evidence is submitted, defendant shall 14 days to submit any evidence in rebuttal.

Signed: October 2, 2018

Max O. Cogburn Jr
United States District Judge